## HALPIN, BONHAM & CO. v. E. O. STANARD & CO.

MARINE INSURANCE. *Loss of goods. Demand for price. Recoupment. Prior policy. Case in judgment.*

S. sold a lot of goods to H. and shipped the same by a boat which sunk, and the goods were lost. After putting the goods on board of the vessel, S. procured insurance on them. The insurance company being advised that H. had prior insurance on the goods, cancelled its policy and disclaimed any liability for

the loss.  H. insisted that there was no prior insurance and refused to pay S. for the goods unless he would deduct from his bill the amount which H. claimed to be due on the cancelled policy for the loss of the goods.  S. sued H. for the full price of the goods, and recovered a judgment therefor.  *Held*, that the judgment is correct.  If as claimed by H. there was no prior insurance, the policy obtained by S. was good, could not be cancelled by the company, after the loss, and H. might recover the amount due thereon.  If H. held a prior policy which rendered invalid the one procured by S., he should have relied upon it, and sought indemnity for the loss by an action on it.  In either view, H. cannot *recoup* the amount claimed upon the policy procured by S. against the demand for the price of the goods.

APPEAL from the Circuit Court of Warren County.

Hon. WARREN COWAN, Judge.

E. O. Stanard & Co. were merchants doing business in St. Louis, and Halpin, Bonham & Co. were merchants doing business in the city of Vicksburg; and the latter had been for several years buying goods from the former, when, on the 31st of March, 1881, Halpin, Bonham & Co. bought a bill of goods from Stanard & Co., which were on that day shipped from St. Louis to the buyers in Vicksburg.  On the 2d of April, 1881, Halpin, Bonham & Co. received by mail an invoice of the goods, with a charge for insurance of the goods.  Stanard & Co. held an open policy of insurance in a St. Louis company for all goods which they might ship and wish to have insured, and when the goods referred to were shipped, on the 31st of March, 1881, they applied through the mail to their insurance company in St. Louis for insurance thereon.  Stanard & Co. had a general letter of instructions from Halpin, Bonham & Co. directing them not to insure any goods shipped to the latter, because they held an open policy of insurance in a company in Vicksburg, in which they preferred to insure all goods shipped to them.  Stanard & Co. had in a few instances overlooked such instruction, and insured in their St. Louis company goods shipped to Halpin, Bonham & Co., who once refused to pay the insurance, and compelled the former to remit the charge, and once or twice paid such charge without objection.  The boat carrying the goods shipped on the 1st of March sunk on the 4th of April, and the goods were

lost. A few days after the goods were lost the company in which Stanard & Co. held an open policy discovered that Halpin, Bonham & Co. held an open policy in a Vicksburg company for the goods shipped to them, and claiming that such policy covered the lost goods from the time they were put on board of the boat, disclaimed all liability for the loss, because of such prior insurance. And Stanard & Co. insisted that their application for insurance was made by mistake, and that Halpin, Bonham & Co. should hold the Vicksburg company liable for the loss. Halpin, Bonham & Co. stated that they had refrained from taking any insurance under their open policy, because apprised by the invoice that Stanard & Co. had insured the goods, and contended that the Vicksburg company was not liable, but that the St. Louis company was, and refused to pay for the goods unless Stanard & Co. would hold the St. Louis company bound for the insurance indemnity and deduct the amount thereof from the bill. Stanard & Co. refused to do this, and brought suit for the full amount of the bill, less the premium originally charged for insurance. The facts above stated were proven on the trial. A judgment was rendered for the plaintiffs for the amount claimed, and the defendants appealed.

*Shelton & Crutcher*, for the appellants.

It was contended in the lower court that the goods were covered by appellants' open policy the moment they were placed on the boat, and hence that the insurance effected by appellees was void. The vice of this position is manifest. The open policy of the appellants is not before the court. Hence, no man can know what its terms were. As to when and how goods are covered by any particular contract of insurance must depend on the terms of the contract itself. If, therefore, the terms of this contract are not known, all assertions as to how or when goods are covered by it is mere idle assumption. 2 Pars. on Mar. Ins. 319, *et seq.*, says, in speaking of such policies, that insurance on a particular lot of goods is usually effected by the insured notifying the company

and indorsing the invoice on the policy.   And the testimony of plaintiffs' witness shows that the mode of effecting it under their open policy was by notifying the company of the shipment.   It was again said that the insurance effected in St. Louis was cancelled only because it was void, and that it was rendered void by the fact that there was a prior insurance under the open policy of appellants.   And that, if it were in fact true that the goods were not covered by said policy, then the insurance in St. Louis was valid, and appellants must pay for the goods and look to that insurance.   Let it be admitted that the insurance in St. Louis was cancelled under a mistake of fact, it is nevertheless true that it was cancelled. Appellees effected the insurance and he cancelled it.   It must be presumed that no premium was paid.   If he effected the insurance for appellants, he acted as their agent.   Now, when he tells the company that he had no authority to effect that insurance, before the company had been notified by appellants that they adopted the act of their agent, and never paid the premium, or the premium was returned, then that was a complete cancellation, and appellants cannot now and never could have reinstated the insurance so as to give them right of action against the company.   Nor do we know the terms of that insurance.   It may have been made in the name of appellee, so that if appellants could sue at all it must be in appellee's name.   But appellee is estopped to sue because he has declared to the company that he had no authority to make it, and that it was a mistake on the part of one of his employees. Insurance being necessary for the protection of the goods, and to afford the appellants a remedy in case of loss, and appellee, by notifying appellants that he had insured the goods, prevented them from insuring, then, though the appellee may not have been bound to insure, yet he is bound to make good that insurance before he can recover, just as much as he would have been bound so to do had the duty of insuring been obligatory on him by the terms of the contract or from any other cause.   He who by his acts or declarations places another, who

relies on those acts or declarations in ignorance of the facts, in a position where he must sustain loss unless those declarations be true, is bound to make the same good. Big. on Estop. 475, 476.

*S. M. Shelton*, of counsel for the appellants, argued the case orally.

*Miller & Hirsh*, for the appellees.

We insist that the facts upon which the appellants rest their defence cannot be interposed by way of *recoupment*, and of forming the groundwork of any cross-action. They can only be shown in a special action on the case against the appellees. *Myers* v. *Estell*, 47 Miss. 4. If the insurance was for the benefit of plaintiffs alone, then defendants had no interest in it, and cannot complain at any act of plaintiffs relating thereto. If the insurance was for the benefit of defendants, they can either sue the insurance company in their own name, or in the name of plaintiffs for their benefit. In the event they do sue, and it can be shown (as an abortive attempt was here made to prove) that E. O. Stanard & Co. cancelled the insurance, then a right of action may possibly accrue against said E. O. Stanard & Co., if defendants are not otherwise estopped from asserting it. The defendants labor under a misapprehension of the duty resting upon plaintiffs. Your honors will readily perceive that there can never be an obligation (except by special contract) resting on the seller to sue the insurance company for goods lost in the first instance, and suspend his right of action against the purchaser until that suit is determined. He would thus assume a triple risk: (1) of an unsuccessful issue of the suit; (2) of the ultimate solvency of the insurance company; (3) of the continuing responsibility of the buyer. On the contrary, we maintain that the law is, that the buyer must pay for the goods when due, and look to the insurance company for reimbursement. The simple question to be settled under the proof, is this: Did the plaintiffs actually interfere in procuring a cancellation of the insurance? This question, of course, cannot be affirmatively

answered. It seems also evident that the insurance company acted upon defendants' own statement, that their goods were all insured under an open policy here, and declined to assume any risk therefor. The letter of plaintiffs merely state the writer's opinion of the law, and whether this is erroneous or not, it does not affect the case at bar. The Supreme Court of Mississippi took the same view of *recoupment* as announced by the New York courts, viz.: There can be no *recoupment* for a distinct and independent wrong on the part of the plaintiff. It is allowable only where a man brings an action for a breach of a contract between him and the defendant, and the defendant can show that he has sustained injury in consequence of the violation of some stipulation or condition in the contract on the part of the plaintiff. Waterman on Set-Off (2d ed.), 476, note.

*T. M. Miller*, of counsel for the appellees, argued the case orally.

COOPER, J., delivered the opinion of the court.

Neither the open policy of insurance held by the appellants in Vicksburg, nor that held by the appellees in St. Louis, appears in the record, and because of their absence, we cannot know whether the insurance in St. Louis was operative, or was annulled by reason of a pre-existing policy held by the consignees. Admitting, however, all that counsel for the appellants claim, *i.e.*, that the insurance in St. Louis was cancelled by the company there because of the declaration by the appellees that the goods were covered by the policy of the appellants, it is yet true, that whether such cancellation impaired the right of the appellants to recover on the policy depends upon the existence or non-existence of prior insurance held by them. If, in fact, there was no prior insurance which invalidated that effected by the consignors, the cancellation of the policy by the insurers in St. Louis, after the loss of the goods, could not defeat an action by appellants on the policy. If, on the other hand, the insurance in St. Louis cannot be resorted by the appellants for indemnity, it is be-

cause of prior insurance effected by them, and not because of any act done by the appellees. In other words, so far as the record shows, the appellants have now a valid existing con tract of insurance which was made for them by the appellees in St. Louis. If this policy ever was operative, it still so continues ; if it is not, it is because it never was. If it never was effective, it is not because of any act or default of the appellees, but by reason of the prior existence of appellants' own home policy, the existence and effect of which they knew when they received the bill of lading from their consignors.

The case stands just as it would have stood if the consignors had communicated all the facts of which the consignees had knowledge. If this had been done, it could not now be argued that they had been mislead to their injury. If they had a valid prior policy, the existence of which prevented the con signors from making another valid contract of insurance, it was their own folly to surrender it upon the receipt of infor mation that such other insurance had been effected, which they knew was not and could not be operative. If they did not, in fact, have such policy, they can obtain indemnity by resort ing to the policy secured for them by the consignors in St. Louis, which the insurers have attempted to cancel under a mistake of fact.

The judgment is affirmed.